**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BENJAMIN J. GERGLER, | ) |
|  | ) |
|   Plaintiff | ) |
|  | ) |
|  | ) |
| VS. | ) |
|  | ) |
| CACH, LLC and CAMBECE LAW | ) |
| OFFICE, P. C., D/B/A J. A. CAMBECE | ) |
| LAW OFFICE | ) |
|  | ) |
|   Defendants | ) |

**COMPLAINT – JURY TRIAL DEMANDED**

1. This is an action by an individual Connecticut consumer to secure declaratory and monetary relief, including attorney's fees, for the Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices, as well as for the Defendant's violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), C. G. S. § 42-110a, *et seq*.

2. This Court is a court of competent jurisdiction and has jurisdiction over this matter pursuant to 15 U.S.C. §1692 k (d).

3. Plaintiff, Benjamin J. Gergler (or "Plaintiff"), is a natural person residing in the State of Connecticut as of the time of the commencement of this action and was, upon information and belief, a resident of the State of Connecticut at all times relevant hereto.

4. Plaintiff is a consumer pursuant to the definition set forth in 15 U.S.C. §1692 a (3).

5. Upon information and belief and at all times relevant hereto, the principal purpose of Defendant, CACH, LLC (or "CACH"), is the collection of defaulted debts using the mails and telephone.

6. Upon information and belief and at all times relevant hereto, the principal purpose of Defendant, Cambece Law Office, P. C., D/B/A J. A. Cambece Law Office (or "Cambece"), is the collection of defaulted debts for debt buyers and collection agencies using the mails, telephone, and civil court system throughout the United States.

7. In fact, CACH and Cambece regularly attempt to collect debts to be due to another, including consumer debts in the State of Connecticut, and, upon information and belief, maintain a collection agency licenses with the Connecticut Department of Banking.

8. Upon information and belief and at all times relevant hereto, CACH is a limited liability company organized pursuant to the laws of the State of Colorado, with its principal place of business in Denver, Colorado. Defendant regularly engages in the collection of consumer debts in the State of Connecticut.

9. Upon information and belief and at all times relevant hereto, Cambece is a professional corporation organized pursuant to the laws of the Commonwealth of Massachusetts, with its principal place of business in Beverly, Massachusetts. Defendant regularly engages in the collection of consumer debts in the State of Connecticut.

## FACTUAL ALLEGATIONS

10. Beginning on or about September, 2015, CACH and Cambece initiated a campaign of harassment against Plaintiff.

11. The Defendant's actions concerned an alleged consumer debt in the amount of $6,371.35 allegedly owed to "Bank of America."

12. Upon information and belief, all Bank of America credit card agreements are interpreted in accordance with the laws of the State of Delaware.

13. With respect to actions to enforce contracts, the Delaware statute of limitations is three years.

14. Upon information and belief, the last payment made to the alleged account occurred in 2011.

15. Upon information and belief, said campaign of harassment included, *inter alia*, telephone calls and messages.

16. On or about October 15, 2015, CACH, represented by Cambece, commenced a court action against Plaintiff in Middletown, Connecticut, bearing docket number MMX-CV15-6014297-S.

17. At the time of the filing of the court action, the alleged debt was more than four-and-a-half-years post-charge-off, and, therefore, time-barred pursuant to the Delaware choice-of-law provision in the Bank of America cardmember agreement.

18. Plaintiff never received any communication from CACH or Cambece indicating that a law suit on the alleged debt was barred by the statute of limitations as a result of the cardmember agreement's choice-of-law provision.

19. Plaintiff never received any communication from CACH or Cambece which made any reference to the cardmember agreement's choice-of-law provision.

20. CACH and Cambece knowingly commenced a time-barred court action against Plaintiff to collect an alleged consumer debt.

21. Instructively, 15 U.S.C. §1692 e (2)(A), in relevant part, prohibits a debt collector from falsely representing either the character, amount, or legal status of the debt. <u>See</u>, 15 U.S.C. §1692 e (2)(A).

22. At the same time, 15 U.S.C. §1692 e, in relevant part, makes it a violation of the FDCPA for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt." (<u>See</u>, 15 U.S.C. 1692 e).

23. Further, 15 U.S.C. §1692 e (10) makes the use of "any false representation or deceptive means to collect or attempt to collect any debt…" an FDCPA violation. (<u>See</u>, 15 U.S.C. 1692 e (10)).

24. As a proximate consequence of CACH and Cambece's egregious conduct, coupled with the acts described above, Plaintiff lost wages from employment, lost sleep, suffered headaches, nausea, embarrassment, suffered emotional distress and physical manifestations of emotional distress, and weight loss.

## Claims For Relief

### I. <u>CACH and Cambece's Violation of 15 U.S.C. §1692 e (2)(A)</u>

25. Paragraphs 1-24 are re-alleged, as if fully re-stated.

26. Instructively, 15 U.S.C. §1692 e (2)(A), in relevant part, prohibits a debt collector from falsely representing either the character, amount, or legal status of the debt. <u>See</u>, 15 U.S.C. §1692 e (2)(A).

27. Beginning on or about September, 2015, CACH and Cambece initiated a campaign of harassment against Plaintiff.

28. CACH and Cambece's actions concerned an alleged consumer debt in the amount of $6,371.35 allegedly owed to "Bank of America."

29. Upon information and belief, all Bank of America credit card agreements are interpreted in accordance with the laws of the State of Delaware.

30. With respect to actions to enforce contracts, the Delaware statute of limitations is three years.

31. Upon information and belief, the last payment made to the alleged account occurred in 2011.

32. Upon information and belief, said campaign of harassment included, *inter alia*, telephone calls and messages.

33. On or about October 15, 2015, CACH, represented by Cambece, commenced a court action against Plaintiff in Middletown, Connecticut, bearing docket number MMX-CV15-6014297-S.

34. At the time of the filing of the court action, the alleged debt was more than four-and-a-half-years post-charge-off, and, therefore, time-barred pursuant to the Delaware choice-of-law provision in the Bank of America cardmember agreement.

35. Plaintiff never received any communication from CACH or Cambece indicating that a law suit on the alleged debt was barred by the statute of limitations as a result of the cardmember agreement's choice-of-law provision.

36. Plaintiff never received any communication from CACH or Cambece which made any reference to the cardmember agreement's choice-of-law provision.

37. CACH and Cambece knowingly commenced a time-barred court action against Plaintiff to collect an alleged consumer debt.

38. CACH and Cambece's violation of 15 U.S.C. §1692 e (2)(A) constituted a violation of the FDCPA.

39. As a result of the above violation(s) of the FDCPA, CACH and Cambece are liable to the Plaintiff for a declaratory judgment that CACH and Cambece's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## II. CACH and Cambece's Violation of 15 U.S.C. § 1692 (e) (10)

40. Paragraphs 1-24 are re-alleged as if fully re-stated.

41. 15 U.S.C. §1692 e (10) makes the use of "any false representation or deceptive means to collect or attempt to collect any debt…" an FDCPA violation. (See, 15 U.S.C. 1692 e (10)).

42. Beginning on or about September, 2015, CACH and Cambece initiated a campaign of harassment against Plaintiff.

43. CACH and Cambece's actions concerned an alleged consumer debt in the amount of $6,371.35 allegedly owed to "Bank of America."

44. Upon information and belief, all Bank of America credit card agreements are interpreted in accordance with the laws of the State of Delaware.

45. With respect to actions to enforce contracts, the Delaware statute of limitations is three years.

46. Upon information and belief, the last payment made to the alleged account occurred in 2011.

47. Upon information and belief, said campaign of harassment included, *inter alia*, telephone calls and messages.

48. On or about October 15, 2015, CACH, represented by Cambece, commenced a court action against Plaintiff in Middletown, Connecticut, bearing docket number MMX-CV15-6014297-S.

49.     At the time of the filing of the court action, the alleged debt was more than four-and-a-half-years post-charge-off, and, therefore, time-barred pursuant to the Delaware choice-of-law provision in the Bank of America cardmember agreement.

50.     Plaintiff never received any communication from CACH or Cambece indicating that a law suit on the alleged debt was barred by the statute of limitations as a result of the cardmember agreement's choice-of-law provision.

51.     Plaintiff never received any communication from CACH or Cambece which made any reference to the cardmember agreement's choice-of-law provision.

52.     CACH and Cambece knowingly commenced a time-barred court action against Plaintiff to collect an alleged consumer debt.

53.     CACH and Cambece's conduct, in failing to adhere to the tenets of 15 U.S.C. §1692 e (10) constituted a violation of the FDCPA.

54.     As a result of the above violation(s) of the FDCPA, CACH and Cambece are liable to the Plaintiff for a declaratory judgment that CACH and Cambece's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### III. CACH and Cambece's Violation of the Connecticut Unfair Trade Practices Act

55.     Paragraphs 1-24 are re-alleged as if fully re-stated.

56.     CACH and Cambece's actions constitute an unfair trade practice, which offends public policy, is immoral, unethical, and unscrupulous in the context of trade or commerce in the State of Connecticut, and which has caused substantial economic injury to the Plaintiff.

57. Beginning on or about September, 2015, CACH and Cambece initiated a campaign of harassment against Plaintiff.

58. CACH and Cambece's actions concerned an alleged consumer debt in the amount of $6,371.35 allegedly owed to "Bank of America."

59. Upon information and belief, all Bank of America credit card agreements are interpreted in accordance with the laws of the State of Delaware.

60. With respect to actions to enforce contracts, the Delaware statute of limitations is three years.

61. Upon information and belief, the last payment made to the alleged account occurred in 2011.

62. Upon information and belief, said campaign of harassment included, *inter alia*, telephone calls and messages.

63. On or about October 15, 2015, CACH, represented by Cambece, commenced a court action against Plaintiff in Middletown, Connecticut, bearing docket number MMX-CV15-6014297-S.

64. At the time of the filing of the court action, the alleged debt was more than four-and-a-half-years post-charge-off, and, therefore, time-barred pursuant to the Delaware choice-of-law provision in the Bank of America cardmember agreement.

65. Plaintiff never received any communication from CACH or Cambece indicating that a law suit on the alleged debt was barred by the statute of limitations as a result of the cardmember agreement's choice-of-law provision.

66. Plaintiff never received any communication from CACH or Cambece which made any reference to the cardmember agreement's choice-of-law provision.

67. CACH and Cambece knowingly commenced a time-barred court action against Plaintiff to collect an alleged consumer debt.

68. CACH and Cambece's actions constitute a *per se* violation of the Connecticut Unfair Trade Practices Act.

69. Simply, CACH and Cambece engaged in a trade practice which ran counter to public policy and for which the Plaintiff suffered an ascertainable loss of money.

70. A copy of this complaint has been forwarded to the Attorney General of the State of Connecticut, as well as the Commissioner of Consumer Protection.

71. By virtue of the aforesaid, CACH and Cambece have violated the Connecticut Unfair Trade Practices Act and are liable to the Plaintiff for nominal and punitive damages, treble damages, and attorney's fees.

WHEREFORE, the Plaintiff respectfully prays for the following relief:

1. A Declaratory judgment that CACH and Cambece's conduct violated the FDCPA and the Connecticut Unfair Trade Practices Act.
2. An award of nominal and punitive damages and attorney's fees pursuant to the Connecticut Unfair Trade Practices Act as codified in C.G.S. § 42-110a, *et seq.*, as amended;
3. All costs and disbursements of this action, pursuant to 15 U.S.C. §1692 k (a) (3).
4. Statutory damages pursuant to 15 U.S.C. §1692 k (a) (2) (A).
5. Actual damages pursuant to 15 U.S.C. §1692 k (a) (1).
6. An award of reasonable attorney's fees pursuant to 15 U.S.C. §1692 k (a) (3).
7. An award of punitive damages.
8. Statutory post-judgment interest pursuant to C.G.S. §52-356d (e) and C.G.S. § 37-3a, as amended;
9. A jury trial on all counts triable by jury;
10. Such other and further relief as the Court deems just;

Dated at Hartford, Connecticut, this 19th day of April, 2016.

        THE PLAINTIFF,
        BENJAMIN J. GERGLER

        By:   _s/ct29447_____
               Roderick D. Woods, Esq.
               The Woods Law Firm, LLC
               100 Pearl Street, Fourteenth Floor
               Hartford, Connecticut 06103
               (860) 549-6275 (Tel.)
               (860) 371-3242 (Fax)
               CT Federal Bar Number ct29447
               rwoods@rdw-law.com